UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARIEN C. WRIGHT,

      Petitioner,

v.                           Case No: 2:14-cv-257-FtM-29MRM

SECRETARY, DOC,

      Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court upon a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Darien C. Wright ("Petitioner") who is presently confined at the Wakulla Correctional Institution in Crawfordsville, Florida (Doc. 1, filed May 12, 2014). Petitioner, proceeding *pro se*, attacks the convictions and sentences entered by the Circuit Court in Lee County, Florida for the sale or delivery of a controlled substance and trafficking in illegal drugs. Id. Respondent filed a response to the petition (Doc. 16). Petitioner filed a reply (Doc. 24).

Petitioner raises two claims for relief in his petition. Upon due consideration of the pleadings and the state-court record, the Court concludes that each claim must be denied. Because the Court may resolve the Petition on the basis of the record, an evidentiary hearing is not warranted. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (if the record refutes the factual

allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

I.   **Background and Procedural History**

Petitioner was charged in three separate cases with sale or delivery of a controlled substance (two counts), trafficking in illegal drugs (two counts), and possession of a controlled substance, and possession of a controlled substance with intent to sell or deliver (Ex. 7).[1] On April 21, 2011, Petitioner entered a plea of no contest to one count of trafficking in Oxycodone; one count of possession with intent to sell; and two counts of the sale or delivery of a controlled substance (Ex. 2). Under the terms of the plea agreement, Petitioner was sentenced to the mandatory minimum term of 180 months in prison (Ex. 1 at 2). Petitioner did not appeal.

On February 24, 2012, Petitioner filed an amended motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure in which he raised the same claims as are raised in the instant petition ("Rule 3.850 motion"). On March 6, 2013, the post-conviction court entered an order summarily denying the amended motion (Ex. 8). Florida's Second District Court of Appeal affirmed (Ex. 10).

---

[1] Unless otherwise indicated, references to exhibits are to those filed by Respondent on October 22, 2014 (Doc. 17).

Petitioner filed the instant petition on May 8, 2014 (Doc. 1).

## II.  Governing Legal Principles

### A.   The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and difficult to meet.  White v. Woodall, 134 S. Ct. 1697, 1702 (2014).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).  Notably, a state court's violation of state law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Wilson v. Corcoran, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court

issued its decision. White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." Marshall v. Rodgers, 133 S. Ct. 1446, 1449 (2013) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case. White, 134 S. Ct. at 1706 (quoting Knowles v. Mirzayance, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly

identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. 86 (2011)). Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." Knowles, 556 U.S. at 122.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) ("a decision adjudicated on the merits in a state court and based on

a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding") (dictum); Burt v. Titlow, 134 S. Ct. 10, 15-16 (2013) (same).

## B.  Ineffective Assistance of Counsel

In Strickland v. Washington, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984).  A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. Id.  This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. Burt, 134 S. Ct. at 13 (citing Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under Strickland's performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688-89.  In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir.

2006).    A  court  must  "judge  the  reasonableness  of  counsel's
conduct  on  the  facts  of  the  particular  case,  viewed  as  of  the  time
of  counsel's  conduct,"  applying  a  "highly  deferential"  level  of
judicial  scrutiny.  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)
(quoting  Strickland,  466 U.S. at 690).

As  to  the  prejudice  prong  of  the  Strickland  standard,
Petitioner's  burden  to  demonstrate  prejudice  is  high.  Wellington
v. Moore,  314  F.3d  1256,  1260  (11th  Cir.  2002).    Prejudice
"requires  showing  that  counsel's  errors  were  so  serious  as  to
deprive  the  defendant  of  a  fair  trial,  a  trial  whose  result  is
reliable."  Strickland,  466 U.S. at 687.    That  is,  "[t]he defendant
must  show  that  there  is  a  reasonable  probability  that,  but  for
counsel's  unprofessional  errors,  the  result  of  the  proceeding
would  have  been  different."  Id. At 694.    A  reasonable  probability
is  "a  probability  sufficient  to  undermine  confidence  in  the
outcome."  Strickland,  466 U.S. at 694.

To  meet  Strickland's  prejudice  prong  when  a  plea  has  been
entered,    Petitioner    must    establish    that    "counsel's
constitutionally  ineffective  performance  affected  the  outcome  of
the  plea  process."  Hill v. Lockhart,  474 U.S. 52, 59 (1985). "It
is  not  enough  for  [petitioner]  to  show  that  the  errors  had  some
conceivable  effect  on  the  outcome  of  the  proceeding."  Strickland,
466  U.S.  at  693.  Petitioner  must  demonstrate  a  reasonable
probability  that,  but  for  counsel's  errors,  he  would  not  have  pled

guilty and would have insisted on going to trial. Hill, 474 U.S. at 58-59.

### III. **Analysis**

#### A.   **Claim One**

Petitioner asserts that defense counsel was ineffective for failing to explain the full consequences of his plea (Doc. 1 at 5). Specifically he asserts that "counsel made assurances to what the plea would be and never explained the amount of time the defendant would qualify for or the statutory maximum of the charges." Id. Petitioner states that "counsel's misadvice was the only reason [he] accepted the plea." Id.

Petitioner raised this claim as ground one of his amended Rule 3.850 motion (Ex. 6). The post-conviction court denied the claim, stating that "[r]egardless of whether counsel explained the maximum sentences possible in these cases, the Plea Form Defendant signed did list the possible maximum sentences for each charge. Furthermore, the Court explained the maximum sentence for each count when he was sentencing Defendant." (Ex. 8 at 3). Florida's Second District Court of Appeal per curiam affirmed (Ex. 10). The record supports the state courts' rejection of this claim.

The plea form signed by Petitioner set forth the maximum sentence faced on each count (Ex. 1). At his plea colloquy, the court advised Petitioner that he faced fifteen years in prison on his charges of the sale or delivery of a controlled substance and

thirty years with a twenty-five year minimum mandatory sentence on his charge of trafficking in over 28 grams a controlled substance (Ex. 2 at 9).  He was advised that in exchange for his plea, the state would reduce the charge to trafficking in between 14 and 28 grams of Oxycodone or a mixture thereof which was punishable by up to 30 years in prison, and had a fifteen year minimum mandatory sentence. Id. at 9-10.  Petitioner was specifically asked:

> Do you understand that the charge of trafficking in Oxycodone or a mixture thereof between 14 and 28 grams carries with it a minimum mandatory sentence of 15 years which you will have to serve day for day?

(Ex. 2 at 12).  Petitioner affirmed that he understood. Id. Thereafter, Petitioner was questioned by the state and asked whether counsel had explained "both the minimum and the maximum penalties" as they applied in his case.  Id. at 15.  Again, Petitioner answered, "yes." Id.  Petitioner was sentenced to the fifteen year minimum mandatory sentence.

Any assertion that Petitioner would have insisted upon going to trial had counsel advised him of the penalties he faced by pleading is contradicted by the record.  Petitioner affirmed that he was aware that his plea involved a fifteen year minimum mandatory sentence and affirmed that counsel had explained the sentences to him. A defendant's statements at the plea hearing are presumed to be true. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Accordingly, the state court reasonably concluded that

Petitioner cannot demonstrate prejudice under <u>Strickland</u> or <u>Hill</u>. Claim One is denied pursuant to 28 U.S.C. § 2254(d).

## B.   Claim Two

Petitioner asserts that counsel was ineffective for not producing evidence that the drugs in his possession were prescribed to him (Doc. 1 at 7). Petitioner asserts that had counsel presented this evidence to the court, he "would have been exonerated and not sentenced to 15 years [in] prison." <u>Id.</u>

Petitioner raised this claim as ground two of his amended Rule 3.850 motion and explained the claim as follows:

> The attorney of record had knowledge that Defendant was prescribed the drugs found, had all relevant material as to whom Defendant's doctor was, the location of the office and could have retried any information pertaining to dates, time, and amounts prescribed to Defendant. Counsel was ineffective by not disclosing to the court and state attorney this information that could have exonerated Defendant. Counsel had timely been notified of this information and could and should have used this information in defense of his client. Counsel was negligent in not presenting and innocence claim or negotiate a deal that would have been favorable for Defendant instead of no defense and an extremely biased plea deal that had no benefit to Defendant and negated his chances for a fair trial.

(Ex. 6 at 2). The post-conviction court denied the claim as an impermissible attempt to "go behind" his plea because "[a] defendant who has been convicted pursuant to a plea cannot raise issues in a 3.850 motion, which were known to him prior to the

plea." (Ex. 8 at 3) (citing <u>Jauregui v. State</u>, 652 So. 2d 898 (Fla. 3d DCA 1995)).  Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 10). The record supports the state courts' rejection of this claim.

Because Petitioner is attempting to challenge a conviction entered pursuant to a plea, the range of claims he may present in a federal petition is limited:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

<u>United States v. Broce</u>, 488 U.S. 563 (1989).  However, a defendant's plea does not relieve counsel of the responsibility to investigate potential defenses so that the defendant can make an informed decision. <u>Scott v. Wainwright</u>, 698 F.2d 427, 429 (11th Cir. 1983).

Petitioner does not challenge the knowing and voluntary nature of his guilty plea or claim that he was unaware that counsel had not investigated his prescription defense.  To the contrary, he asserts in his reply that he instructed counsel "several times" to fax a request for his (Petitioner's) medical records to his

physician but that counsel refused to do so (Doc. 24 at 5). In contrast to the instant assertions, at the plea colloquy, Petitioner was asked by the state:

> Q.   Mr. Wright, are you satisfied with the advice and counsel of your attorney?
>
> A.   Yes.
>
> **Q.   Has he done everything you've asked him to?**
>
> **A.   Yes, he has.**
>
> **Q.   Has he answered all your questions?**
>
> **A.   Yes, he has.**
>
> **Q.   Has he gone over the facts of each case with you?**
>
> **A.   Yes, he has.**
>
> **Q.   Has he discussed any potential defenses you may or may not have had in all of your cases?**
>
> **A.   Yes.**
>
> Q.   Has he gone over with you both the minimum and the maximum penalties as they apply in each of your cases?
>
> A.   Yes.

(Ex. 2 at 15) (emphasis added). Petitioner testified under oath that counsel had done everything asked of him. A defendant's sworn answers during a plea colloquy must mean something. Consequently, a defendant's sworn representations, as well as representation of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable

barrier in any subsequent collateral proceedings." <u>Blackledge</u>, 431 U.S. at 73–74; <u>Iacono v. State</u>, 930 So. 2d 829 (Fla. 4th DCA 2006) (holding that defendant is bound by his sworn answers during the plea colloquy and may not later assert that he committed perjury during the colloquy). Because Petitioner admits that counsel did everything asked of him, he cannot demonstrate deficient performance.

Moreover, as argued by Respondent, the Cape Coral Police Department's probable cause affidavits do not state that Petitioner was arrested for trafficking due to his mere possession of oxycodone (Doc. 16 at 33).[2] Rather, the affidavits indicate that Petitioner was arrested for <u>selling</u> oxycodone to undercover police officers without reference to whether or not the drugs were initially legally obtained (Ex. 7). Accordingly, the effectiveness of Petitioner's proposed affirmative "prescription defense" is doubtful, and reasonable counsel, faced with the same set of circumstances, could have decided against pursing this particular affirmative defense. See <u>Provenzano v. Singletary</u>, 148 F.3d 1327, 1332 (11th Cir. 1998) (counsel's conduct is unreasonable

---

[2] Since the charge of trafficking may be proven through possession of a certain amount of a controlled substance, "[an affirmative] prescription defense is clearly available to those who have a valid prescription written directly on their behalf for the pills in their possession." <u>McCoy v. State</u>, 56 So. 3d 37, 39 (Fla. 1st DCA 2010) (citations omitted).

only if petitioner shows "that no competent counsel would have made such a choice").

Petitioner cannot show that counsel's performance was deficient or that his plea was unknowing and involuntary. Accordingly, the state courts' rejection of petitioner's claim was not contrary to clearly established federal law, was not an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts. Petitioner is not entitled to federal habeas relief on Claim Two.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. <u>Certificate of Appealability</u>[3]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such

---

[3] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." <u>Id.</u>  As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.   Petitioner's 28 U.S.C. § 2254 petition for habeas corpus relief (Doc. 1) is **DENIED.**

3.   Petitioner is **DENIED** a certificate of appealability.

4.   The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   29th   day of September, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Darien C. Wright
Counsel of Record